IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND MATHIS, #140252, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:08-CV-286-MHT |
| ) | [WO] |
| ) | |
| CARLA WOODALL, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Raymond Mathis ["Mathis"], an inmate currently incarcerated in the state prison system, on April 15, 2008.[1] In the instant complaint, Mathis alleges Carla Woodall, the Circuit Clerk for Houston County, Alabama, violated his constitutional right of access to the court when she failed to immediately file a motion for speedy trial he submitted to the trial court *pro se* on February 8, 2008 regarding several pending charges of third degree burglary. At the time Mathis sought to proceed on the motion for speedy trial, no indictment had been issued against him with respect to the pending criminal charges nor had he been arraigned on these charges. The trial court had, however, appointed attorney Matthew C. Lamere to represent Mathis on the burglary charges. Mathis seeks declaratory

---

[1] When Mathis filed this case, he was confined in the Houston County Jail.

relief and requests that his motion for speedy trial be filed. *Plaintiff's Complaint - Court Doc. No. 1* at 4.

The defendant filed a special report and supporting evidentiary materials addressing the plaintiff's claim for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat this report as a motion for summary judgment. *Order of June 20, 2008 - Court Doc. No. 10*. Thus, this case is now pending on the defendant's motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof, including copies of relevant state court records, and the plaintiff's response in opposition to the report, the court concludes that the defendant's motion for summary judgment is due to be granted.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

The defendant has met her evidentiary burden and demonstrated the absence of any genuine issue of material fact.  Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.").  A genuine issue of material fact exists when the nonmoving party produces

---

[2] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of [county] authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendant's properly supported motion for summary judgment, Mathis is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment.

*Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the

substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Mathis fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

Mathis alleges defendant Woodall refused to file his *pro se* motion for speedy trial and returned the motion to him pursuant to standing orders/policies of the state court which required that the motion be filed by his appointed attorney. *Plaintiff's Complaint - Court Doc. No. 1* at 3. Defendant Woodall maintains the court did, in fact, file the motion for speedy trial on February 19, 2008 and further states the court subsequently accepted and filed additional *pro se* motions submitted by Mathis. *Defendant's Exhibit B (Affidavit of Carla H. Woodall) - Court Doc. No. 9-2* at 2-3 ("The circuit criminal files and case action summaries reflect that Mr. Mathis filed on February 19, 2008, a [*pro se*] Motion for Speedy Trial with the district court criminal case numbers written on the document.... [On February 20, 2008, a Houston County grand jury returned indictments against Mathis for

five counts of third degree burglary.]... The case action[] summaries for all of Plaintiff's criminal cases ... show his Motion for Speedy Trial was filed on February 19, 2008. Judge Henry D. Binford noted the speedy trial motion on March 3, 2008, and set the case on the April, 2008 docket. The case action summaries reflect that Mr. Mathis' files were not processed in the Circuit Clerk's office until March 7, 2008.... 'Dummy' dockets are run for the judges so that they may select cases that are ready for trial. The 'dummy' docket for the April [2008] term of criminal jury trials printed for Judge Binford showed Mr. Mathis' cases did not appear because the run date for the docket was March 6, 2008, and Judge Binford's order was not processed [by the clerk's office] until the next day. I contacted Judge Binford upon receiving a copy of the case action summaries and realizing that Mr. Mathis' cases were not on the 'dummy' docket for April. I took copies of the case action summaries to Judge Binford to make him aware of the Order. I also explained that Mr. Mathis was scheduled on the arraignment docket for March 26, 2008. In accordance with [state] law, a defendant cannot be tried until an arraignment is held, unless a waiver of arraignment is filed, which was not done in Mr. Mathis' cases. Judge Binford instructed me to place the cases on ... the May term of criminal jury trials.... [In accordance with instructions issued by Judge Binford that Mathis' cases be set for trial during the May term of criminal jury trials,] Mathis' cases [were] set for [trial on] Wednesday, May 21, 2008. [The case action summaries further reflect additional *pro se* motions filed by Mathis on

8

April 17, 2008 and April 28, 2008 regarding discovery, reduction of bond and entry of a plea.]"). The undsiputed state court records before this court establish that the defendant undertook the above described actions and reflect the various *pro se* filings received from Mathis. *Defendant's Exhibit B - Court Doc. No. 9-2* at 5-143.

To the extent Mathis requests that this court require the defendant to file his motion for speedy trial, this request for relief is moot as such action occurred on February 19, 2008. *Gordon v. Colin*, 267 Fed.Appx. 843 (11th Cir. 2008) (equitable relief seeking action by state court order is rendered moot when action has already occurred).

In addition, it is clear from a review of the complaint that any claims presented by Mathis against Carla Woodall relate to actions taken by this defendant in her official capacity pursuant to instructions/orders issued by state courts in Mathis' previously pending criminal cases. When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980); *Scott v. Dixon*, 720 F.2d 1542, 1546 (11th Cir. 1983) ("The reasons for extending judicial immunity are to protect those officials with discretionary power similar to that exercised by a judge and thereby to ensure courageous exercise of that discretionary power."); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3rd Cir. 1969) (state supreme court clerk who at direction of court refused to accept papers for filing entitled to immunity from liability for such refusal). Consequently, Mathis

is entitled to no relief from the defendant.

Moreover, the actions of defendant Woodall did not deprive Mathis of his right of access to the courts. Prisoners are entitled to "a reasonably adequate opportunity" to present claims of constitutional violations to the courts. *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court expounded on *Bounds* and required that an inmate demonstrate the existence of an "actual injury" effecting his effort to pursue a nonfrivolous legal claim to demonstrate a denial of access to the courts. *Lewis* emphasizes that a *Bounds* violation is related to an inmate's lack of capability to present claims. "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When an inmate ... shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because the capability of filing suit has not been provided, he demonstrates" the requisite injury. *Lewis*, 518 U.S. at 356.

The undisputed evidentiary materials submitted in this case demonstrate that the trial court accepted and filed Mathis' *pro se* motion for speedy trial. Mathis has failed to come forward with any evidence that the challenged actions of the defendant in any way improperly impeded his efforts to pursue nonfrivolous legal claims and, therefore, Mathis

has failed to establish the requisite injury.  *Lewis*, 518 U.S. at 356.  In the absence of ultimate prejudice or disadvantage, defendant Woodall is entitled to summary judgment. *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendant's motion for summary judgment be granted.

2.  Judgment be entered in favor of the defendant.

3.  The costs of this proceeding be taxed against the plaintiff.

4.  This case be dismissed with prejudice.

It is further

ORDERED that  on or before August 11, 2010 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of July, 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE